USA v. Vincent Mann                    CV-99-09-B      4/20/99

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**United States of America**</u>

  v.         Criminal No. NH-99-09-B
               RI-98-035L
<u>**Vincent E. Mann**</u>


## O R D E R


Vincent Mann has moved to suppress cocaine seized from him at the time of his arrest.  For the reasons discussed below, I deny his motion.


## I.

The government has proved the following facts by a preponderance of the evidence:

1.  In February 1998, Detective Joseph Colanduono arrested several individuals on drug charges who told him that an individual known to them as Vincent was supplying drugs to dealers in the Lockwood Plaza area of Providence.  These individuals provided a general description of Vincent and the make, model, and color of the vehicle that he was driving.

2.  Detective Colanduono subsequently observed Mann, who fit the description he had been given for Vincent, speaking with other individuals in areas that are known by the Providence Police to be drug trafficking areas.

3.  Detective Colanduono received a tip from a confidential informant on February 16, 1998, stating that Vincent would be dropping off a large supply of cocaine in the Loungo Square area of Providence later that evening.  The informant also described Vincent's vehicle and gave Detective Colanduono its license plate number.  The informant had provided reliable information to Detective Colanduono on several prior occasions and, on at least one prior occasion, the informant's information had led to the arrest and conviction of a suspect on drug charges.

4.  Relying on the informant's tip, Detective Colanduono and Detective Gregory Scion set up surveillance in the area where the transaction was to occur.  They subsequently observed the vehicle described by the informant approach the Loungo Square area at about 10:30 p.m.  Detective Colanduono recognized Mann, the vehicle's driver, as the person whom he had previously identified as Vincent.  Detective Colanduono saw the vehicle make a U-turn and come to a stop in front of a residence.

5. As Detective Scion approached Mann's vehicle, he saw Mann stuff something into the front of his pants. He then removed Mann from his vehicle and frisked him. During the frisk, he felt a bulge in the front of Mann's pants which, based upon his training and experience, he believe was crack cocaine. He then reached inside Mann's pants and removed the cocaine.

## II.

I use the following legal standards in ruling on Mann's motion to suppress evidence:

1. A police officer may stop a vehicle and briefly detain the driver based upon reasonable suspicion that the driver has engaged in or is about to engage in criminal activity. See United States v. Taylor, 162 F.3d 12, 18 (1st Cir. 1998). To satisfy the reasonable suspicion standard, a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. (quoting United States v. Kimball, 25 F.3d 1, 6 (1st Cir. 1994) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968).

2. The police may frisk a temporarily detained suspect if they have reason to believe that the suspect may be armed and dangerous. See id.; United States v. Schiavo, 29 F.3d 6, 8 (1st Cir. 1999).

3. The police may lawfully seize an object discovered during a frisk if its incriminating character is "immediately apparent." Schiavo, 29 F.3d at 8 (quoting Minnesota v. Peterson, 508 U.S. 366 (1993)).

4. The police have probable cause to arrest a defendant if, based on the totality of the information known to the police officers involved in the investigation, they have a reasonable basis to believe that the defendant has committed a crime. See United States v. Diallo, 29 F.3d 23, 25 (1st Cir. 1994).

5. The police may search a person incident to a lawful arrest on a felony drug charge. See United States v. Meede, 11 F.3d 190, 198 (1st Cir. 1997).

## III.

Considering the facts of the case in light of the above-described legal principles, I conclude that:

1. Detectives Colanduono and Scion were justified in stopping Mann on February 16, 1998, because they were aware of specific and articulable facts amounting to a reasonable suspicion that Mann was about to engage in criminal activity. Specifically, they had received information from a reliable informant that Mann was about to engage in a drug transaction.

2. The nature of the criminal conduct being investigated, the time of night at which the stop occurred and Mann's suspicious conduct when the police approached his vehicle all reasonably caused Detective Scion to believe that Mann may have been armed and dangerous. Accordingly, Detective Scion was entitled to remove Mann from his vehicle and frisk him.

3. Detective Scion was entitled to reach into Mann's pants to remove the cocaine because he had probable cause to believe that the lump he felt in Mann's pants during the frisk was crack cocaine.

4. Alternatively, Detective Scion had probable cause to arrest Mann when he frisked him and felt what he reasonably believed was crack cocaine. At that point, he was justified in arresting Mann and the subsequent seizure of the cocaine can be justified as a search incident to arrest.

Defendant's motion to suppress is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 20, 1999

cc:  Stephanie Browne, Esq.
     George J. West, Esq.
     Clerk, USDC-RI